J-S23027-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TIMOTHY BROWN | |
| Appellant | No. 2880 EDA 2015 |

Appeal from the PCRA Order August 11, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1229871-1991

BEFORE:  PANELLA, J., OTT, J., and FITZGERALD, J.[*]

MEMORANDUM BY OTT, J.:                                **FILED MAY 13, 2016**

Timothy Brown appeals, *pro se*, from the order entered August 11, 2015, in the Philadelphia County Court of Common Pleas, dismissing, as untimely, his second petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  Brown seeks relief from the judgment of sentence of an aggregate term of life imprisonment, imposed on **December 6, 1993**, following his jury conviction of second degree murder, robbery (five counts), burglary, possessing an instrument of crime ("PIC"), and conspiracy,[1] for his participation in the gunpoint robbery of a Dunkin' Donuts store.  On appeal, Brown argues the PCRA court erred in

---

[*] Former Justice specially assigned to the Superior Court.

[1] **See** 18 Pa.C.S. §§ 2502, 3701, 3502, 907, and 903, respectively.

dismissing his petition without conducting an evidentiary hearing, and in rejecting his assertion that his illegal sentencing claim met the newly discovered facts exception to the PCRA's time-for-filing requirements. For the reasons set forth below, we affirm.

The facts underlying Brown's conviction were summarized, as follows, in the decision of this Court affirming Brown's judgment of sentence on direct appeal:

> Brown was employed at a Dunkin' Donuts store located in the Fox Chase area of Philadelphia. Sometime in October, 1991 [Brown] quit his job and then encountered difficulty in getting money he claimed the store owed him as a final paycheck. After speaking with the manager and being told that no money was due [to] him, [Brown] suggested to two of his friends, [brothers] Theodore Burns and Rodney Burns, that they rob the store. [Brown] explained that the robbery should take place on a Sunday night since at that time the entire weekend's receipts would be in the store safe.
>
> The Burns brothers agreed and the three men arrived at the store in the early morning hours on November 11, 1991 armed with three guns, a crowbar to open the safe and duct tape to bind the store's employees. In order that he not be recognized, [Brown] waited outside while Theodore and Rodney Burns entered the store. The men drew their weapons on the two employees and one patron inside and ordered them to the rear of the store. After robbing them, the men taped their mouths and hands and forced them into a freezer. Once the employees were out of sight, Rodney opened the back door to let [Brown] inside. At that point a customer, Stephen Rivel, entered the store. He was taken at gunpoint to the rear of the store where he struggled with his captors. Rivel was shot several times in the legs, then his shirt was pulled up over his head and he was shot again, a single, fatal bullet to the back of his head. After taking whatever valuables could be found from the body, the men left Rivel on the floor by a drain in the back of the store.

The three then set about opening the safe and removed from it all of the weekend's cash. They also emptied the cash register and fled in the car they had driven to the store. Within minutes, the employees freed themselves, exited the freezer and found Rivel's body. They immediately called police.

***Commonwealth v. Brown***, 654 A.2d 1096, 1097-1098 (Pa. Super. 1995).

Brown and his co-conspirators were arrested, after the police stopped their getaway vehicle. Brown proceeded to a jury trial, and, on November 20, 1992, was found guilty of the above-stated charges. On December 6, 1993, the trial court sentenced Brown to a mandatory term of life imprisonment for second degree murder,[2] a consecutive term of five to 10 years' imprisonment for conspiracy, and a consecutive term of 11½ to 23 months' imprisonment for PIC.[3] His judgment of sentence was affirmed on direct appeal, ***id.***, and the Pennsylvania Supreme Court denied his petition for allowance of appeal. ***Commonwealth v. Brown***, 664 A.2d 972 (Pa. 1995).

On December 31, 1996, Brown filed a *pro se* PCRA petition, claiming trial counsel never filed a direct appeal. New counsel was appointed, but submitted a petition to withdraw and ***Turner/Finley***[4] "no merit" letter. On

---

[2] ***See*** 18 Pa.C.S. § 1102(b).

[3] No further punishment was imposed on the remaining charges.

[4] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

January 7, 1999, the PCRA court denied Brown's petition. No appeal was filed.

Brown filed the present petition, his second, *pro se*, on November 14, 2014, claiming his mandatory sentence of life imprisonment was illegal. The trial court issued notice of its intent to dismiss the petition without first conducting an evidentiary hearing, pursuant to Pa.R.Crim.P. 907, on July 10, 2015. Although Brown submitted a *pro se* response to the court's Rule 907 notice, on August 11, 2015, the PCRA court dismissed Brown's petition as untimely filed. This appeal followed.[5]

On appeal, Brown contends the PCRA court erred (1) in denying his petition as untimely filed without first conducting an evidentiary hearing; and, (2) in dismissing his petition as untimely when he invoked the newly discovered facts exception to the PCRA's time-for-filing requirements. We will address these claims together.

Our standard of review of an order denying PCRA relief is well-established. We must determine "whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error." **Commonwealth v. Lawson**, 90 A.3d 1, 4 (Pa. Super. 2014) (internal citations omitted). We will not disturb the findings of the PCRA

_____

[5] The PCRA court did not direct Brown to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

court unless they have no support in the certified record. ***Id.*** Furthermore, relevant to this appeal, we emphasize:

> A PCRA court is only required to hold a hearing where the petition, or the Commonwealth's answer, raises an issue of material fact. When there are no disputed factual issues, an evidentiary hearing is not required. If a PCRA petitioner's offer of proof is insufficient to establish a *prima facie* case, or his allegations are refuted by the existing record, an evidentiary hearing is unwarranted.

***Commonwealth v. Eichinger***, 108 A.3d 821, 849 (Pa. 2014) (internal citations omitted).

In the present case, the PCRA court determined Brown's petition was untimely filed. We agree. Brown's sentence was final on November 21, 1995, 90 days after the Pennsylvania Supreme Court denied review, and Brown failed to file a writ of *certiorari* in the United States Supreme Court. ***See*** 42 Pa.C.S. § 9545(b)(3) (stating "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States … , or at the expiration of time for seeking the review."); U.S. Sup.Ct. R. 13.1. The statute explicitly requires that a PCRA petition must be filed "within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). Brown's present petition, filed nearly 14 years later, is manifestly untimely.

Nevertheless, an otherwise untimely petition is not time-barred if a petitioner pleads and proves the applicability of one of three time-for-filing exceptions:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. §§ 9545(b)(1)(i)-(iii). Further, any petition invoking one of these exceptions must be filed "within 60 days of the date the claim could have been presented." *Id.* at § 9545(b)(2).

On appeal, Brown invokes the newly discovered facts exception. *See* 42 Pa.C.S. § 9545(b)(1)(ii). Brown contends (1) his sentence of life imprisonment is illegal in light of this Court's *en banc* decision in **Commonwealth v. Newman**, 99 A.3d 86, 98 (Pa. Super. 2014) (*en banc*), *appeal denied*, 121 A.3d 496 (Pa. 2015), which applied the United States Supreme Court's decision in **Alleyne v. United States**, 133 S.Ct. 2151 (U.S. 2013),[6] and (2) he "exercised his due diligence in presenting his claims

_____

[6] In **Alleyne**, the United States Supreme Court held "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." **Alleyne**, *supra*, 133 S.Ct. at 2155. In interpreting that decision, the courts of this Commonwealth have determined that most of our mandatory minimum sentencing statutes are unconstitutional because the language of those statutes "permits the trial court, as opposed to the jury, to increase a defendant's minimum sentence based upon a preponderance of the evidence" standard. *(Footnote Continued Next Page)*

- 6 -

to the Court of Common Pleas for Philadelphia County[.]" Brown's Brief at 8. To that end, Brown states he learned of the decisions from a prison law clerk in October of 2014, and mailed his PCRA petition on November 13, 2014. *Id.*

We find Brown's argument fails for several reasons. First, this Court has "expressly rejected the notion that judicial decisions can be considered newly-discovered facts which would invoke the protections afforded by section 9545(b)(1)(ii)." *Commonwealth v. Cintora*, 69 A.3d 759, 763 (Pa. Super. 2013), *appeal denied*, 81 A.3d 75 (Pa. 2013). Further, even if we were to find that a judicial decision could constitute a newly discovered fact, Brown has failed to establish he filed his petition "within 60 days of the date the claim could have been presented" as required by 42 Pa.C.S. § 9545(b)(2). Indeed, "we have previously said that 'the sixty-day period begins to run upon the date of the underlying judicial decision'" not when the petitioner first learns of the decision. *Commonwealth v. Brandon*, 51 A.3d 231, 235 (Pa. Super. 2012) (citation omitted). Both *Alleyne* (filed June 17, 2013) and *Newman* (filed August 20, 2014), were decided more

_____
*(Footnote Continued)*

*Newman*, *supra*, 99 A.3d at 98. *See Commonwealth v. Hopkins*, 117 A.3d 247 (Pa. 2015) (invalidating 18 Pa.C.S. § 6317); *Commonwealth v. Vargas*, 108 A.3d 858 (Pa. Super. 2014) (*en banc*), (invalidating 18 Pa.C.S. § 7508), *appeal denied*, 121 A.3d 496 (Pa. 2015). Further, our courts have held that the unconstitutional provisions of the mandatory minimum statutes are not severable from the statute as a whole. *Hopkins*, *supra*, 117 A.3d at 262; *Newman*, *supra*, 99 A.3d at 101.

than 60 days prior to date Brown filed his PCRA petition. Consequently, Brown has not met his burden of establishing an exception to the one-year filing requirement.[7] **See Commonwealth v. Jones**, 54 A.3d 14, 17 (Pa. 2012) ("The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein.").

Furthermore, we note that even if Brown's claim was timely, he would be entitled to no relief. In **Alleyne**, the Pennsylvania Supreme Court declared that "[f]acts that increase the mandatory minimum sentence are therefore elements and must be submitted to the jury and found beyond a reasonable doubt." **Alleyne**, **supra**, 133 S.Ct. at 2158. Here, Brown was sentenced pursuant to 18 Pa.C.S. § 1102(b), which mandates that "a person who has been convicted of murder of the second degree … shall be sentenced to a term of life imprisonment." **Id.** Therefore, the "fact" that led to Brown's life imprisonment sentence was his jury conviction of second degree murder. The trial court engaged in no fact finding at sentence in order to determine the applicability of the life sentence. **Compare Newman**, **supra**. Therefore, Brown's sentence is not illegal under **Alleyne**.

_____

[7] We note that in his *pro se* petition, Brown also invoked the new constitutional right exception set forth at Subsection 9545(b)(1)(iii). **See** 42 Pa.C.S. § 9545(b)(1)(iii). However, in **Commonwealth v. Miller**, 102 A.3d 988 (Pa. Super. 2014), a panel of this Court held that an **Alleyne** claim fails to satisfy the "new constitutional right exception to the time-bar" codified at Section 9545(b)(1)(iii) because neither the United States or Pennsylvania Supreme Court has held that **Alleyne** is to be applied retroactively. **Miller**, **supra**, 102 A.3d at 995.

In summary, we agree with the conclusion of the PCRA court that Brown's petition was untimely filed, and Brown failed to establish the applicability of a time-for-filing exception. Accordingly, there were no factual issues in dispute necessitating an evidentiary hearing, and we find no error on the part of the PCRA court in dismissing Brown's petition without first conducting a hearing. **_See Eichinger_**, **_supra_**. Therefore, we affirm the order dismissing Brown's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/13/2016